<div style="text-align:right"><em>Wartel<br>v.<br>Darbein et al.</em></div>

and integrity, and he is shown to be in good circumstances. A witness states he told him, in a conversation about *Darbein*, that he would reconvey the slave to him on his return from France upon his repaying the price.

It is said that under the article 2456 of the Code, the vendor's retention of possession affords reason to presume that the sale was simulated. This is true, but the presumption is not conclusive. It throws upon the vendee the burden of proof that the transaction was in good faith, and that the sale was real. This the purchaser did to the satisfaction of the District Judge, and an examination of the evidence has not satisfied us that his conclusion was erroneous.

But it is said that even if there was no simulation, the sale is inoperative for want of seasonable registry.

In *Monday* v. *Wilson*, 4 Louis. 341, it was said that the Act of 1810, which provides, "that no notarial act concerning immovable property shall have any effect against third persons, until the same shall have been recorded in the office of the Judge of the Parish where such immovable property is situated," (See Bullard & Curry's Digest, p. 596,) was not applicable to sales of slaves. We are not aware that this decision has been overruled. We prefer, however, not to determine the case on that point, the question being one of much importance, and our present means of research is limited. There is another point on which the case may be put; and that is, that even supposing registry to be necessary in case of sales of slaves, the intervenor is protected by the 2d section of the Act of 1839, which provides that all acts passed before any notary out of the parish of Orleans and filed, as required by the first section of that Act, within twenty days after their execution, shall take precedence of any other act passed in relation to the same property of a subsequent date, although first recorded, any law to the contrary notwithstanding. See Acts of 1839, p. 194, and Consolidated Statutes, p. 430, Nos. 13, 14.

Judgment affirmed, with costs.

---

## Joseph V. Bacon & Son *v.* Thomas Maskell.

*The transfer and possession of a mortgage note will enable the transferree to obtain an order of seizure and sale—though the public act of transfer shows no acceptance by the transferree.*

*Where the vendor has bound himself to raise certain mortgages on the property sold, he will not be entitled to an order of seizure and sale, unless he can show by authentic act that he has done so.*

APPEAL from the District Court, Parish of St. Mary, *Voorhies, J.*

ACT OF TRANSFER.

State of Louisiana, Parish of St. Mary.—Before me, *Thomas A. Smith,* a notary public in and for the parish of St. Mary, duly commissioned and sworn, personally appeared *Cyrus B. G. Whelden,* of said parish, who declared that he had transferred, and by these presents does hereby transfer to *Joseph V. Bacon* and *Thomas H. Bacon,* of Boston, Mass., partners in trade, doing business in said Boston under the name of *Joseph V. Bacon & Son,* a certain promissory note for one thousand, five hundred and fifty-one dollars and ninety-one and a half cents, signed by *Thos. Maskell,* dated January 9, 1850, and payable one year after date to the order of said *Whelden,* with eight per cent. interest from maturity, the said note is secured by mortgage act of said *Maskell* to said *Whelden,* passed before *J. A. Dumartrait,* recorder, on the 9th of January, 1850, and is signed "ne varietur" by said recorder, to identify it

<div style="margin-left:auto">BACON & SON<br>v.<br>MASKELL.</div>

therewith—and the said *Whelden* declared that he does also, by these presents, assign and transfer to said *Joseph V. Bacon* and *Thomas H. Bacon* his rights in and under said mortgage, to secure and enforce the payment of said note, hereby subrogating them to all his rights in said note, and in the mortgage given to secure the same, so far as relates to the said note, the consideration of this transfer is the amount of said note, the same being accounted for to said *Whelden* by said transferrees on settlement.

Done, passed and signed at the parish of St. Mary aforesaid, in presence of *William Ager* and *William C. Dwight,* competent witnesses, who have signed these presents with said appearer, and me said notary, after due reading, this tenth day of April, in the year of our lord, one thousand eight hundred and fifty-one.                                    C. B. G. WHELDEN.

WILLIAM AGER.
WILLIAM C. DWIGHT, Witnesses.

A true copy from the original filed in my office.

THOMAS A. SMITH, Notary Public.

*Dwight* and *Lea,* for plaintiff.   *Maskell,* for defendant and appellant.

*Lea,* for plaintiff—cited 7 M. R. 239 ; 1 A. 323 ; 5 A. 124.

*Maskell,* for defendant—cited 5 Rob. 85 ; 1 A. 323 ; 4 A. 152.

Rost, J.   This is an appeal from an order of seizure and sale ; the appellant seeks to have it set aside on two grounds.

1st.   That the transfer of the note sued upon, from the original payee to the plaintiffs, although made by authentic act, is insufficient ; because the plaintiffs were not parties to it, and their acceptance of it is not shown.

2d.   That by the act of sale, out of which the note originated, the vendor bound himself to raise certain mortgages existing on the property sold, within a reasonable time ; that the note was transferred to the plaintiffs, after its maturity and after a reasonable time had elapsed ; and no recovery can be had upon it by them, unless they show that those mortgages have been raised.

We think the transfer and the possession of the notes by the plaintiffs sufficient to authorize the order of seizure—but the other ground appears to us well taken.   Near eighteen months had elapsed since the sale when the order issued, and the payment of the note could not have been enforced, even in an ordinary suit, unless the plaintiff had shown that the mortgages, which the vendor had assumed to raise, had been satisfied and erased from the books of the recorder ; the same showing is indispensable in this proceeding, and unless it can be made by authentic acts, the plaintiff must resort to an ordinary suit.

It is ordered that the order of seizure and sale appealed from be set aside, and that the costs in both Courts, since the filing of the petition, be paid by the appellee.